IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TEXAS BBQ REGULATORS, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:16-cv-382 |
| **MAVERICK INDUSTRIES, INC. d/b/a MAVERICK HOUSEWARES and BRUCE ERICKSON d/b/a TIP TOP TEMP,** | § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Plaintiff, Texas BBQ Regulators, LLC ("TexasBBQ"), files this Original Complaint against Defendants, Maverick Industries, Inc. d/b/a Maverick Housewares ("Maverick") and Bruce Erickson d/b/a TipTopTemp ("Erickson") (collectively, "Defendants," and each, "Defendant"), and for cause of action would show the Court as follows:

## I. PARTIES

1. Plaintiff, Texas BBQ Regulators, LLC ("TexasBBQ"), is a Texas limited liability company with its principle place of business at 201 Hunters Crossing Blvd., Suite 10-186, Bastrop, Texas 78602-3972.

2. Upon information and belief, Defendant, Maverick Industries, Inc. d/b/a Maverick Housewares ("Maverick"), is a New Jersey corporation with its principal place of business at 94 Mayfield Avenue, Edison, New Jersey 08837.  Maverick manufactures, uses, imports into the United States, sells, and/or offers to sell in the United States mechanical damper controls for use in barbeque grills, smokers and stove chambers. Maverick's mechanical damper controls are marketed, offered for sale, and/or sold

throughout the United States, including within this District.

3. Upon information and belief, Defendant, Bruce Erickson d/b/a TipTopTemp ("Erickson"), is an individual doing business as "TipTopTemp" with a principal place of business at 207 East 4th Street, Monticello, Minnesota 55362. Erickson manufactures, uses, imports into the United States, sells, and/or offers to sell in the United States mechanical damper controls for use in barbeque grills, smokers, and stove chambers. Erickson's mechanical damper controls are marketed, offered for sale, and/or sold throughout the United States, including within this District.

## II. JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367 and/or 1338.

5. This Court has personal jurisdiction over Defendant Maverick. Maverick has conducted and does conduct business within the State of Texas, and the Western District of Texas. Maverick, directly or through subsidiaries or intermediaries (including distributors, retailers and others), offers for sale its products and/or services (including infringing products and/or services) in the United States, the State of Texas, and the Western District of Texas. Accordingly, Maverick has committed acts of patent infringement within the State of Texas and, more particularly, within this District.

6. This Court has personal jurisdiction over Defendant Erickson. Erickson has conducted and does conduct business within the State of Texas, and the Western District of Texas. Erickson, directly or through subsidiaries or intermediaries (including distributors, retailers and others), offers for sale its products and/or services (including

infringing products and/or services) in the United States, the State of Texas, and the Western District of Texas.  Accordingly, Erickson has committed acts of patent infringement within the State of Texas and, more particularly, within this District.

7.  Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

### III. THE '286 PATENT

8.  United States Patent No. 8,371,286 ("the '286 Patent"), titled "Mechanical Damper Control," was duly and legally issued after full and fair examination to inventor Michael McCown, on February 12, 2013, and a copy of the '286 Patent is attached hereto as <u>Exhibit A</u>.

9.  Plaintiff TexasBBQ owns by assignment the entire right, title and interest in the '286 Patent.

### IV. FACTUAL BACKGROUND

10.  TexasBBQ is a leader in mechanical damper controls that can be used to regulate the temperature of a smoker, barbeque grill or stove chamber.  The inventor of the '286 Patent is an owner of TexasBBQ.

11.  Maverick is and/or has been making, using, importing into the United States, selling, and/or offering to sell products, systems and/or services, including, but not limited to, products identified by Maverick as "TipTopTemp" (the "Maverick TTT Products"), which infringe one or more claims of the '286 Patent.

12.  Maverick has not obtained a license under the '286 Patent.

13.  Erickson is and/or has been making, using, importing into the United States, selling, and/or offering to sell products, systems and/or services, including, but not limited

to, products identified by Erickson as "TipTopTemp" (the "Erickson TTT Products"), which infringe one or more claims of the '286 Patent.

14. Erickson has not obtained a license under the '286 Patent.

**Count 1 – DIRECT INFRINGEMENT (by Maverick) OF THE '286 PATENT**

15. TexasBBQ repeats and realleges the allegations in paragraphs 1-14 as though fully set forth herein. As described below, Maverick has infringed and/or continues to infringe the '286 Patent.

16. Maverick's making, using, importing into the United States, selling, and/or offering to sell the Maverick TTT Products infringes at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent. Maverick's infringement is illustrated in the Maverick TTT Product, as well as its website pages at www.maverickhousewares.com and instructional materials downloadable from the website, which are attached as Exhibit B.

17. Maverick's website pages and instructional materials therefrom establish that it sells and offers to sell the Maverick TTT Products which include a damper control apparatus constructed as a standalone configuration mountable in a unitized configuration on an exterior portion of a stove over an exhaust port for regulating airflow therethrough dependent on temperature of air passing through the exhaust port. *See*, Exh. B (*E.g.*, "TipTopTemp works by controlling the airflow", "Place the TipTopTemp over the top vent," "The damper will begin to close and open as it adjusts to the heat rising through the TipTopTemp").

18. Maverick's website pages and instructional materials therefrom further establish that:

**ORIGINAL COMPLAINT**                                                                 Page 4 of 16

(a) the Maverick TTT Products include a housing for mounting over a port of a stove for airflow there through;

(b) the Maverick TTT Products further include a damper movably coupled to the housing for positioning between open and closed positions;

(c) the Maverick TTT Products further include a damper adjustment shaft mounted on the housing; and

(d) the Maverick TTT Products further include an expandable member coupled to the damper adjustment shaft and the damper, and the expandable member moves in response to changes in temperature to move the damper.

See, Exh. B (copied in part below).



19.   Accordingly, Maverick has offered for sale within the United States an apparatus that directly infringes at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent, pursuant to 35 U.S.C. § 271(a).

20.   Maverick's acts of infringement have caused damage and irreparable harm

**ORIGINAL COMPLAINT**                                                                 Page 5 of 16

to TexasBBQ.  TexasBBQ is entitled to recover from Maverick the damages sustained as a result of Maverick's wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of Maverick have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to TexasBBQ for which there is no adequate remedy at law, and for which TexasBBQ is entitled to injunctive relief under 35 U.S.C. § 283.

21.   Maverick received actual notice of its infringement of the '286 Patent, at least by way of this Complaint.

22.   Maverick also indirectly infringes the '286 Patent.  Maverick has willfully contributed to and has induced direct infringement of the '286 Patent by offering Maverick TTT Products through distributers, retailers, and or end users that, upon installation and use, will directly infringe the '286 Patent.

**Count 2 – DIRECT INFRINGEMENT (by Erickson) OF THE '286 PATENT**

23.   TexasBBQ repeats and realleges the allegations in paragraphs 1-22 as though fully set forth herein.  As described below, Erickson has infringed and/or continues to infringe the '286 Patent.

24.   Erickson's making, using, importing into the United States, selling, and/or offering to sell the Erickson TTT Products infringes at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent.   Erickson's infringement is illustrated in the Erickson TTT Product, as well as its website pages at www.tiptoptemp.com and instructional materials downloadable from the website, which are attached as Exhibit C.

25.   Erickson's website pages and instructional materials therefrom establish that it sells and offers to sell the Erickson TTT Products which include a damper control

**ORIGINAL COMPLAINT**                                                                                          Page 6 of 16

apparatus constructed as a standalone configuration mountable in a unitized configuration on an exterior portion of a stove over an exhaust port for regulating airflow there through dependent on temperature of air passing through the exhaust port. *See*, Exh. C (*E.g.*, "TipTopTemp works by controlling airflow", "Place the TipTopTemp over the top vent," "The damper will begin to close and open as it adjusts to the heat rising through the TipTopTemp").

26. Erickson's website pages and instructional materials therefrom further establish that:

> (a) the Erickson TTT Products include a housing for mounting over a port of a stove for airflow there through;
>
> (b) the Erickson TTT Products further include a damper movably coupled to the housing for positioning between open and closed positions;
>
> (c) the Erickson TTT Products further include a damper adjustment shaft mounted on the housing; and
>
> (d) the Erickson TTT Products further include an expandable member coupled to the damper adjustment shaft and the damper, and the expandable member moves in response to changes in temperature to move the damper.

*See*, Exh. C (copied in part below).



27. Accordingly, Erickson has offered for sale within the United States an apparatus that directly infringes at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent, pursuant to 35 U.S.C. § 271(a).

28. Erickson's acts of infringement have caused damage and irreparable harm to TexasBBQ.  TexasBBQ is entitled to recover from Erickson the damages sustained as a result of Erickson's wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of Erickson have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to TexasBBQ for which there is no adequate remedy at law, and for which TexasBBQ is entitled to injunctive relief under 35 U.S.C. § 283.

29. Erickson received actual notice of its infringement of the '286 Patent, at least as early as September 17, 2014 when the '286 Patent was cited to Erickson by the United States Patent & Trademark Office (PTO) and, in any event, by way of this Complaint.

30. Erickson also indirectly infringes the '286 Patent.  Erickson has willfully

contributed to and has induced direct infringement of the '286 Patent by offering Erickson TTT Products that, upon installation and use, will directly infringe the '286 Patent.

### Count 3 – INDUCED INFRINGEMENT (by Maverick) OF THE '286 PATENT

31. TexasBBQ repeats and realleges the allegations in paragraphs 1-30 as though fully set forth herein. As described below, Maverick has induced and/or continues to induce infringement of the '286 Patent.

32. Maverick indirectly infringes at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent by inducing the direct infringement of others, including, without limitation, Erickson and purchasers of the Maverick TTT Products, in accordance with 35 U.S.C. § 271(b).

33. Maverick had actual notice of the '286 Patent, at least by way of this Complaint.

34. Maverick's affirmative acts of offering for sale and selling the Maverick TTT Products will induce Erickson and purchasers of the Maverick TTT Products, through the normal and intended use of the Maverick TTT Products, to infringe the '286 Patent. Accordingly, Maverick performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '286 Patent and with the specific intent, knowledge or willful blindness that the induced acts would constitute infringement.

### Count 4 – INDUCED INFRINGEMENT (by Erickson) OF THE '286 PATENT

35. TexasBBQ repeats and realleges the allegations in paragraphs 1-34 as though fully set forth herein. As described below, Erickson has induced and/or continues to induce infringement of the '286 Patent.

36. Erickson indirectly infringes at least one of the claims 1, 4, 6, 9, 10, 11, 12,

15, 19, 20 and/or 22 of the '286 Patent by inducing the direct infringement of others, including, without limitation, Maverick and purchasers of the Erickson TTT Products, in accordance with 35 U.S.C. § 271(b).

37. Erickson had actual notice of the '286 Patent, at least as early as September 17, 2014 when the '286 Patent was cited to Erickson by the United States Patent & Trademark Office (PTO) and, in any event, by way of this Complaint.

38. Erickson's affirmative acts of offering for sale and selling the Erickson TTT Products will induce Maverick and purchasers of the Erickson TTT Products, through the normal and intended use of the Erickson TTT Products, to infringe the '286 Patent. Accordingly, Erickson performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '286 Patent and with the specific intent, knowledge or willful blindness that the induced acts would constitute infringement.

### Count 5 – CONTRIBUTORY INFRINGEMENT (by Maverick) OF THE '286 PATENT

39. TexasBBQ repeats and realleges the allegations in paragraphs 1-38 as though fully set forth herein.  As described below, Maverick has contributed to and/or continues to contribute to infringement of at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent, pursuant to 35 U.S.C. § 271(c), by virtue of its offer to sell within the United States and/or import into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, which are not staple articles or commodities of commerce and which have no substantial non-infringing use.

40. Maverick has offered for sale and/or imported a component of the Maverick TTT Products which constitute a material part of the invention of the '286 Patent, knowing

the same to be especially made or especially adapted for use in an infringement of the '286 Patent, and knowing that the same are not staple articles or commodities of commerce suitable for substantial non-infringing use.

41. In particular, the Maverick TTT Products, as described by Maverick's website pages and instructional materials, establish that those products:

> (a) are especially made or especially adapted to operate as part of a grill, smoker, or other stove;
>
> (b) are required for normal and customary operation of those grill, smoker, or other stove for regulating temperature; and
>
> (c) comprise a material part of the invention of the '286 Patent and are especially made for infringing use in grill, smoker or stove.

42. Maverick had actual notice of the '286 Patent, at least by way of this Complaint.

43. Maverick's affirmative acts of offering for sale and/or importing a component of the Maverick TTT Products contribute to infringement of the '286 Patent.  Accordingly, Maverick performed the acts that constitute contributory infringement, and would result in actual direct infringement, with the knowledge of the '286 Patent and with the specific intent, knowledge or willful blindness that its acts would constitute infringement.

44. Maverick has willfully infringed and/or does willfully contribute to the direct infringement of the '286 Patent.

45. Maverick's acts of infringement have caused damage to Texas BBQ. Texas BBQ is entitled to recover from Maverick the damages sustained as a result of Maverick's wrongful acts in an amount subject to proof at trial.   In addition, the infringing

acts and practices of Maverick have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to TexasBBQ for which there is no adequate remedy at law, and for which TexasBBQ is entitled to injunctive relief under 35 U.S.C. § 283.

**Count 6 – CONTRIBUTORY INFRINGEMENT (by Erickson) OF THE '286 PATENT**

46.     TexasBBQ repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.  As described below, Erickson has contributed to and/or continues to contribute to infringement of at least one of the claims 1, 4, 6, 9, 10, 11, 12, 15, 19, 20 and/or 22 of the '286 Patent, pursuant to 35 U.S.C. § 271(c), by virtue of its offer to sell within the United States and/or import into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, which are not staple articles or commodities of commerce and which have no substantial non-infringing use.

47.     Erickson has offered for sale and/or imported a component of the Erickson TTT Products which constitute a material part of the invention of the '286 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '286 Patent, and knowing that the same are not staple articles or commodities of commerce suitable for substantial non-infringing use.

48.     In particular, the Erickson TTT Products, as described by Erickson's website pages and instructional materials, establish that those products:

> (a) are especially made or especially adapted to operate as part of a grill, smoker, or other stove;
>
> (b) are required for normal and customary operation of those grill, smoker,

>> or other stove for regulating temperature; and
>
>> (c) comprise a material part of the invention of the '286 Patent and are especially made for infringing use in grill, smoker or stove.

49. Erickson had actual notice of the '286 Patent, at least as early as September 17, 2014 when the '286 Patent was cited to Erickson by the United States Patent & Trademark Office (PTO) and, in any event, by way of this Complaint.

50. Erickson's affirmative acts of offering for sale and/or importing a component of the Erickson TTT Products contribute to infringement of the '286 Patent. Accordingly, Erickson performed the acts that constitute contributory infringement, and would result in actual direct infringement, with the knowledge of the '286 Patent and with the specific intent, knowledge or willful blindness that its acts would constitute infringement.

51. Erickson has willfully infringed and/or does willfully contribute to the direct infringement of the '286 Patent.

52. Erickson's acts of infringement have caused damage to Texas BBQ. Texas BBQ is entitled to recover from Erickson the damages sustained as a result of Erickson's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Erickson have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to TexasBBQ for which there is no adequate remedy at law, and for which TexasBBQ is entitled to injunctive relief under 35 U.S.C. § 283.

## DEMAND FOR JURY TRIAL

TexasBBQ hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TexasBBQ respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Adjudge that Defendant Maverick infringes the '286 Patent;

B. Award TexasBBQ damages in an amount adequate to compensate TexasBBQ for Maverick's infringement of the '286 Patent;

C. Award enhanced damages against Maverick pursuant to 35 U.S.C. § 284;

D. Award TexasBBQ pre-judgment and post-judgment interest against Maverick to the full extent allowed under the law, as well as costs;

E. Enter an order finding that this is an exceptional case with respect to Maverick and awarding against Maverick and to TexasBBQ its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. Enter a preliminary injunction, and following trial, a permanent injunction against Maverick enjoining further acts of infringement;

G. In the alternative award, in lieu of an injunction, against Maverick a compulsory forward royalty;

H. Order against Maverick an accounting of damages;

I. Adjudge that Defendant Erickson infringes the '286 Patent;

J. Award TexasBBQ damages in an amount adequate to compensate TexasBBQ for Erickson's infringement of the '286 Patent;

K. Award enhanced damages against Erickson pursuant to 35 U.S.C. § 284;

L.  Award TexasBBQ pre-judgment and post-judgment interest against Erickson to the full extent allowed under the law, as well as costs;

M.  Enter an order finding that this is an exceptional case with respect to Erickson and awarding against Erickson to TexasBBQ its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

N.  Enter a preliminary injunction, and following trial, a permanent injunction against Erickson enjoining further acts of infringement;

O.  In the alternative award, in lieu of an injunction, against Erickson a compulsory forward royalty;

P.  Order against Erickson an accounting of damages;

Q.  Award TexasBBQ such other relief as the Court may deem appropriate and just under the circumstances.

Dated:  March 16, 2016              Respectfully submitted,

**THE LAW FIRM OF H. DALE LANGLEY, JR., PC**

<u>*/s/H. Dale Langley, Jr./*</u>
H. Dale Langley, Jr.
Texas Bar No.11918100
1803 West Avenue
Austin, TX 78701
Telephone:   (512) 477-3830
Fax:   (512) 597-4775
dlangley@iptechlaw.com

**MATTHEW J. BOOTH & ASSOCIATES, PLLC**
Matthew J. Booth
Texas Bar No. 02648300
5501A Balcones Dr. STE 301
Austin, TX 78731-4907
Telephone:   (512) 474-8488
Fax:   (512) 474-7996
matthew.booth@boothlaw.com

**ATTORNEYS FOR PLAINTIFF
TEXAS BBQ REGULATORS, LLC**